**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CHARLES FRITSCH, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | **NO. 3:25-cv-01249** |
| **v.** | ) | **JUDGE CAMPBELL** |
| **CRACKER BARREL OLD COUNTRY STORE, INC.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Cracker Barrel Old Country Store, Inc.'s ("Cracker Barrel") motion to dismiss (Doc. No. 40), filed under Rules 12(b)(1) and (b)(6). The motion is fully briefed and ripe for adjudication. For the reasons stated herein, the motion (Doc. No. 40) is **DENIED**.

## I. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject-matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright*, 751 F.3d at 759. "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). When a party brings a facial attack, it

"argues that a complaint does not adequately plead standing even accepting its facts as true." *Mackinac Center for Public Policy v. United States Department of Education*, 175 F.4th 692, 699 (6th Cir. 2026).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## II. LAW AND ANALYSIS

**A. Subject Matter Jurisdiction**

Plaintiff was a full-time Cracker Barrel employee, working at the company's Harrison, Ohio restaurant in 2024 and 2025, who was required to pay the allegedly illegal tobacco surcharge to maintain health insurance coverage. (Doc. No. 38 ¶ 8). He brings this lawsuit on behalf of himself, and all similarly situated plan participants and beneficiaries under the Employee

Retirement Income Security Act of 1974 ("ERISA") seeking to have these unlawful fees returned, and for plan-wide relief under 29 U.S.C. § 1109.

Plaintiff claims that Cracker Barrel has violated ERISA, in part because it does not provide a reasonable alternative standard and it failed to provide notice of availability of a reasonable alternative standard. (*See* Doc. No. 38 ¶¶ 27-40). Cracker Barrel contends that Plaintiff lacks Article III standing because he "had access to a reasonable alternative standard at initial enrollment… and received notice that he could obtain this reward and work with his physician to develop alternatives." (Doc. No. 41 at 13). But whether Plaintiff had access to a reasonable alternative standard and received notice of availability of such a standard goes to the merits of Plaintiff's claims, not standing. When considering a plaintiff's standing arguments, courts assume that the plaintiff's theory of the merits of the argument is correct. *See Ward v. NPAS, Inc.*, 63 F.4th 576, 582 (6th Cir. 2023). And Cracker Barrel's single sentence challenge to Plaintiff's standing for injunctive relief is unpersuasive as it fails to direct the Court to any applicable supporting legal authority. Accordingly, the motion (Doc. No. 40) is **DENIED** as to Plaintiff's standing.

**B. The Merits**

Through its pending motion, Cracker Barrel asks the Court to decide that its challenged tobacco wellness program and related notices/disclosures comply with ERISA. (*See* Doc. No. 41 at 8-12). The Court declines to make such a determination as a matter of law at this initial stage of litigation. Accordingly, Cracker Barrel's motion (Doc. No. 40) is **DENIED** as to Counts I and II.

1. <u>Breach of Fiduciary Duty Claims (Counts III and IV)</u>

Cracker Barrel argues Count III (which is brought under Section 1109) should be dismissed for failing to plausibly allege loss to the Plan. (Doc. No. 41 at 16-18 (citing *Hawkins v. Cintas Corporation*, 32 F.4th 625, 630 (6th Cir. 2022)). However, the Sixth Circuit has already considered

and rejected this argument. *See Kuper v. Iovenko*, 66 F.3d 1447, 1453 (6th Cir. 1995) ("Defendants' argument that a breach must harm the entire plan to give rise to liability under § 1109 would insulate fiduciaries who breach their duty so long as the breach does not harm all of a plan's participants. Such a result clearly would contravene ERISA's imposition of a fiduciary duty[.]"). And Cracker Barrel's reliance on *Hawkins* is misplaced because that case arose in the context of a motion to compel arbitration not a motion to dismiss for failure to state a claim.

Cracker Barrel also seeks dismissal of the breach of fiduciary duty claims by characterizing them as challenging the design of the Plan, which is not fiduciary conduct. (Doc. No. 41 at 15-16). Plaintiff responds that Cracker Barrel's alleged breach of the terms of the Plan constitutes fiduciary misconduct. (*See* Doc. No. 43 at 17-19). In its reply, Cracker Barrel responds that implementation of the wellness program according to the program's terms is not fiduciary conduct. (Doc. No. 49 at 6). This is not responsive to Plaintiff's opposition and asks the Court to resolve factual disputes in Cracker Barrel's favor, which the Court cannot do at the pleading stage. Accordingly, Cracker Barrel's motion (Doc. No. 40) is **DENIED** as to Counts III and IV.

2. <u>Plan Violations Claims (Counts V and VI)</u>

Cracker Barrel submits that Plaintiff's Benefit Claim (Count VI) must be dismissed for failure to exhaust the Plan's administrative process because the First Amended Complaint's allegations that such exhaustion would be futile are conclusory. (Doc. No. 41 at 18-19 (citing Doc. No. 38 ¶ 95)). However, Cracker Barrel fails to explain why Plaintiff's futility allegations are conclusory. In the absence of such explanation or other supporting analysis, the Court is unpersuaded that Plaintiff's futility allegations are deficient. And Cracker Barrel's contention that Count V should be dismissed as duplicative of Count VI fails because alternative pleading for

theories of liability is permissible under Rule 8. Accordingly, Cracker Barrel's motion (Doc. No. 40) is **DENIED** as to Counts V and VI.

3. Statute of Limitations

The statute of limitations is an affirmative defense on which Cracker Barrel has the burden of proof. Of course, a "complaint need not plead factual allegations to plausibly avoid an affirmative defense." *VCST International B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025). Indeed, dismissal on statute of limitations grounds is only appropriate on motion to dismiss if the face of the complaint shows that a claim is time-barred. *See Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013) ("if the plaintiffs' complaint contains facts which satisfy the elements of the defendant's affirmative defense, the district court may apply the affirmative defense."); *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554–55 (6th Cir. 2012) (A motion to dismiss for failure to state a claim can be premised on an affirmative defense if the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief). Here, Cracker Barrel does not seek to dismiss any of Plaintiff's claims as untimely but instead asks the Court to limit the scope of certain claims. The Court declines to do so at the pleading stage.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE